56 CCPA

**PLATON FABRICS CORP., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5311.**

United States Court of Customs and Patent Appeals.

Nov. 27, 1968.

Siegel, Mandell & Davidson, New York City, (Joshua M. Davidson, Harvey A. Isaacs, New York City, of counsel) for appellant.

Edwin L. Weisl, Jr., Asst. Atty. Gen., Andrew P. Vance, New York City, Chief, Customs Section, for the United States.

Before WORLEY, Chief Judge, and RICH, SMITH, ALMOND, and BALDWIN, Judges.

WORLEY, Chief Judge.

This is an appeal by the importer from the judgment of the Customs Court, First Division, 59 Cust.Ct. 540, C.D. 3224, sustaining the collector's classification of certain imported fabrics.

The case was submitted below on a stipulation of facts which, in pertinent part, establishes that the imported merchandise consists of woven fabrics in the piece, in chief value of wool, weighing more than four ounces per square yard, and valued at not over $2.00 per pound; that the woven fabric pieces vary in length from 59 to 79 yards; and that along one selvage edge of each piece there is secured a five-yard strip of braid approximately ¾ of an inch in width folded over to enclose that portion of the selvage edge to which it is secured.

The customs collector classified the merchandise under par. 1109(a) of the Tariff Act of 1930, as modified by T.D.

55285, as woven fabrics, weighing over four ounces per square yard, wholly or in chief value of wool, and valued at not over $2.00 per pound. Appellant claims that the instant fabrics, by virtue of the fact that 5 yards of braid were sewn along a portion of the selvage edge of each piece, are properly dutiable under para. 1529(a) of the Tariff Act of 1930, as modified by T.D. 54108.

The statutes, in pertinent part, are as follows:

Paragraph 1109(a) of the Tariff Act of 1930, as modified by T.D. 55285

Woven fabrics weighing over 4 ounces per square yard, wholly or in chief value of wool:

\*    \*    \*    \*    \*    \*    \*

Other fabrics, valued—

Not over $2 per pound ........................ $1.13½  per  lb. but  not  over 37½¢  per  lb. plus 60% ad val.

Paragraph 1529(a) of said act, as originally enacted:

\*  \*  \*  braids,  \*  \*  \*  made  \*  \*  \*  on a \*  \*  \*  braiding machine  \*  \*  \*  all the foregoing, and fabrics and articles wholly or in part thereof, finished or unfinished (except  \*  \*  \*), by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of filaments,  \*  \*  \*.

Paragraph 1529(a), as modified by T.D. 54108:

Articles (including fabrics) wholly or in part of any product provided for in paragraph 1529(a), Tariff Act 1930:

\*    \*    \*    \*    \*    \*    \*

In part of braids not suitable for making or ornamenting bonnets, hats, or hoods, but not in part of lace and not ornamented (except  \*  \*  \*) ...... 42½% ad  val.

———◆———

The sole issue is whether under the stipulated facts the merchandise is an article in part of braid, and as such is dutiable under par. 1529(a), Tariff Act of 1930, as modified.

The lower court considered the decision of this court in A. Bonime v. United States, 22 CCPA 603, T.D. 47602 (1935) to be controlling, saying:

\*  \*  \*  It appears significant in our present determination, that our appellate court has defined the term "fabric" as meaning the body of the cloth without the selvage. (A Bonime case, supra.) Congress has not disturbed or made any change with respect to that definition. Such a determination by our appellate court is binding and controlling, in our opinion, in the case at bar. See, United States v. North American Mercantile Co., 17 CCPA 378, T.D. 43820.

The court then held:

In view of the judicial determination as to the meaning of the term

"fabric" as set forth in the *Auffmordt, Mandel,* and *A. Bonime* cases, supra, plaintiff, in our opinion, has failed to establish that the involved merchandise is properly classifiable under paragraph 1529(a) of the Tariff Act of 1930, as modified, as fabrics in part of braid. As was stated in the *Auffmordt* case, supra:

> * * * The selvage is therefore a part of the fabric only in the sense that it is attached to the fabric. As it has none of the uses or purposes of the textile to which it is woven it is really a distinct entity altogether and consequently can not be considered as a part of the fabric in the true acceptation of the term.

Accordingly, while the selvage of this merchandise is in part of braid, that does not constitute the merchandise a fabric in part of braid.

In addition, the court considered the case of Rifkin Textiles Corp. v. United States, 49 Cust.Ct. 330, Abstract 67278, relied on by appellant, and distinguished it from the present case, noting:

> * * * Counsel for the respective parties *stipulated* therein that the merchandise was "in part of braid." Whether the question there was resolved independently of the factual situation and on the basis of the applicable law, as maintained by the plaintiff herein, we do not hold it binding upon us in the case at bar, where the precise issue as to whether woven wool fabrics with a piece of braid sewn along a portion of one selvage edge are properly classifiable under paragraph 1529(a) of the tariff act, as modified, is the subject of controversy. Our present deliberations persuade us that the merchandise herein involved is not so classifiable. [Emphasis added.]

On appeal to this court, appellant argues: (1) that the court below erred in not finding the merchandise to be in part of braid, and (2) that the decisions holding the selvage edge not to be a part of the fabric are not binding precedents.

Appellant's line of reasoning in support of its first point, commences with the decision of the Customs Court in *Rifkin,* supra. Appellant then argues that there is no distinction in law arising from the fact that here the braid extends only along a portion of the one selvage edge as contrasted with the braid being secured along the full length of the selvage edge in the *Rifkin* situation. In support of this, appellant's reasoning seems to run along the following lines. Language quoted from the Seventh Supplemental Report of the United States Tariff Commission in a decision of this court in Rifkin Textiles Corp. v. United States, 54 CCPA 138, C.A.D. 925 (1967) relating to item 353.50 of the Tariff Schedules (a successor paragraph to paragraph 1529(a)), is relied upon to support appellant's position that there has been a change in the law, as the later item (353.50) refers to "ornamented fabrics." Therefore, according to appellant's chain of reasoning, the earlier paragraph 1529(a) (of present interest) which was prior to this change, could not have drawn any distinction between braids which ornament the fabrics and braids which were functionless. This being so, appellant argues, the fact that the braid on the imported merchandise here extends over but 5 yards of the 59 to 79 yard length of the selvage edge is not of legal consequence. Hence, appellant argues, the *Rifkin* Customs Court decision is controlling.

Appellant's second point is that the decisions holding the selvage edge not to be a part of the fabric may be distinguished and are not binding. Appellant concedes that in *Bonime,* supra, United States v. Mandel, 1 Ct.Cust.App. 223, T.D. 31259, and United States v. Auffmordt & Co., 3 Ct.Cust.App. 236, T.D. 32561, it was held that the selvage was not part of the fabric. However, appellant draws the distinction that in each of these cases the court was concerned with the per se nature of the cloth rather than whether the fabrics were in part of braid. Appellant points out that the braid, unlike the selvage, was not manu-

factured concurrently with the cloth but had had a separate existence and was applied subsequently to manufacture of the fabric. Under these circumstances, appellant urges that the decision in Kronfeld, Saunders, Inc. v. United States, Treas. Dec. 860, Abstract 21322, be followed.

Appellee's response is that the *Rifkin* Customs Court decision was decided on a *stipulation* that the merchandise was in part of braid and thus is not a precedent in a case where the issue is whether, in fact, the imported merchandise is in part of braid. Appellee relies on *Bonime, Mandel* and *Auffmordt,* as did the Customs Court here, for the proposition that the selvage is not part of the fabric so that braid on the selvage does not justify classification of the merchandise as a fabric in part of braid. Appellee also dismisses the significance of appellant's argument concerning the change in the law by pointing out that the legislative history of section 1529(a) enacted in 1930 cannot be determined by a report issued some 33 years later. Appellee's brief also contains the following argument:

> We also submit that even if the selvage were considered part of the fabric, the instant importation was properly classified. Braid on one of the selvages for 5 yards of 59 to 79 yard pieces of fabric cannot be considered to make the entire length of fabric in part of braid. The Court need not shut its eyes to the commercial reality that the amount of braid herein would not constitute this merchandise in part of braid whether it be compared with the merchandise involved in the earlier *Rifkin* case, or considered in light of the facts testified to in the later *Rifkin* case, C.A.D. 925.

In reviewing the arguments proposed, we cannot fail to note the significance of the just quoted passage from appellee's brief. Certainly the remaining 54–74 yards of the imported respective 59–79 yard pieces, which do not have braid attached to their own selvage edge, would appear not to be in part of braid. The five yards of braid appears to bear no identifiable relationship, such as immediate proximity, function or ornamentation, to the remaining, unbraided, major portion of the fabric. Thus, the situation may be readily distinguished from the *Kronfeld* case in which the braid was applied to both the trousers and vest pockets of woolen suits and had an ornamental relation to the entire suit of which it was an essential portion.

We therefore agree with the reasoning of the court below that the selvage edge is not a part of the fabric and that the application of braid to the selvage edge under the conditions stated in the stipulation of facts does not warrant classification of the merchandise as fabric in part of braid.

The judgment is affirmed.

Affirmed.

SMITH, J., participated in the hearing of this case but died before a decision was reached.